ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

PHILIP J. KEARNEY (CABN 114978)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-7203
    FAX: (415) 436-7234
    Philip.kearney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE No. 4:18-MJ-71386-MAG (NDCA) |
|     Plaintiff, | 3:18-MJ-24 (WDVA) |
|   v. | **GOVERNMENT'S MEMORANDUM OF LAW REGARDING DETENTION** |
| COLE EVAN WHITE, | |
|     Defendant. | |

The United States of America, by and through the undersigned counsel, submits this memorandum of law in support of its request that defendant Cole White be detained pending trial.

## PROCEDURAL BACKGROUND

On October 2, 2018, Cole White and three co-defendants and co-conspirators were arrested at various locations throughout California on a complaint issued by the Western District of Virginia alleging one count of Conspiracy to Riot in violation of 18 U.S.C. § 371 and one count of Riots in violation of 18 U.S.C. § 2101.

After detention hearings in the Central District of California, co-defendants Miselis and Gillen have been detained pending trial. Co-defendant Daley's detention hearing is scheduled for Tuesday,

Government's Detention Memorandum

1

October 9, 2018, in that same court.  As to defendant White, upon his first appearance in this Court on October 3, 2018, the Government sought his detention pending trial.  The matter was continued to October 4, 2018, to allow the defendant to retain counsel.  Defendant White's detention hearing is scheduled for Wednesday, October 10, 2018.

## **LEGAL BACKGROUND**

Title 18, United States Code, Section 2101, Riots, states that:

> Whoever travels in interstate or foreign commerce or uses any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television, with intent— (1)   to incite a riot; or (2)   to organize, promote, encourage, participate in, or carry on a riot; or (3)   to commit any act of violence in furtherance of a riot; or (4)   to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot; and who either during the course of any such travel or use or thereafter performs or attempts to perform any other overt act for any purpose specified [above] . . .

commits an offense against the United States.   18 U.S.C. § 2101.  Section 2102 defines the term "riot" as follows:

> [A] public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual.

Where, as here, the government moves for detention pursuant to § 3142(f)(1) and (f)(2), the court shall determine under §3142(e) whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  In coming to this determination, the court shall consider those factors outlined in § 3142(g).  At a hearing on the matter before this Court, the government intends to show that, as to Defendant White, no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community."  18 U.S.C. § 3142(e).  Moreover, all four § 3142(g) factors weigh in favor of pretrial detention, including (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including

Government's Detention Memorandum

family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

### I.   Riots Qualifies as a Crimes of Violence under the Bail Reform Act

Section 3142(f) of the Bail Reform Act provides that a "judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . (1) upon motion of the attorney for the Government, in a case that involves (A) a crime of violence."  18 U.S.C. § 3142(f)(1)(A).   The Bail Reform Act's definition of "crime of violence" is found in Section 3156(a)(4), which provides three paths for a crime to qualify as a crime of violence:

(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) [certain specified sex offenses not at issue in this case].

The offense of "Riots" under Section 2101 qualifies as a crime of violence under <u>both</u> subsections A and B.

### A. Riots Has an Element the Use, Attempted Use, or Threatened Use of Physical Force, Thereby Qualifying as a Crime of Violence Under Section 3156(a)(4)(A).

Riots qualifies as a crime of violence under Section 3156(a)(4)(A) because it has as an element the use, attempted use, or threatened use of force.  To violate Section 2101, a person must travel with intent to (1) incite a riot (2) organize, promote, encourage, participate in, or carry on in a riot; or (3) to commit any act of violence in furtherance of a riot; or (4) to aid or abet any person doing the same, and during such travel or thereafter, performs or attempts to perform an overt act for one of these purposes. Importantly, a riot requires either (1) "an act or acts of violence by one or more persons" or (2) "a threat or threats of the commission of an act or acts of violence."  18 U.S.C. § 2102.   By definition, the riot requires at least one act of violence or one threat of an act of violence.  Accordingly, a riot has as an element the use, attempted use, or threatened use of force.  It therefore falls within Section 3156(a)(4)(A) and qualifies as a crime of violence.

Government's Detention Memorandum

**B.  Riots Involves a Substantial Risk That Physical Force May Be Used, Thereby Qualifying as a Crime of Violence under Section 3156(a)(4)(B).**

Even if the offense of Riots did not qualify under Section 3156(a)(4)(A), there is no question that it "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," thereby qualifying as a crime of violence under § 3156(a)(4)(B). As explained in the following section, Riots also qualifies under § 3156(a)(4)(A) because it has as an element the use, attempted use, or threatened use of physical force.  However, subsection (a)(4)(B) "is clearly intended to cast a wider net" and provides the most direct path to qualifying as a crime of violence, the government begins there.  *United States v. Dillard*, 214 F.3d 88, 91 (2d Cir. 2000).

As noted above, the definition of a riot requires either (1) "an act or acts of violence by one or more persons" or (2) "a threat or threats of the commission of an act or acts of violence."  18 U.S.C. § 2102.  This text makes clear that a person who travels with intent to incite, organize, promote, encourage, participate in, carry on a riot, or commit acts of violence in furtherance of a riot in violation of Section 2101 necessarily "involves a substantial risk of physical force may be used against the person or property of another."  The defense cannot meaningfully argue otherwise.  Because Riots under § 2101 involves a substantial risk of force under § 3156(a)(4)(B), it clearly qualifies as a crime of violence under the Bail Reform Act, and the government may seek to detain the defendant pursuant to § 3142(f)(1)(A).

To provide further support for such conclusion, courts have concluded that offenses qualify as crimes of violence in statutes requiring far less of a nexus to violence.  The felon-in-possession statute, 18 U.S.C. § 922(g), is an instructive case in point.  That statute requires the knowing possession of a firearm by a felon, without any mention of or requirement for acts or threats of violence.  Nevertheless, the Second Circuit has found that the felon-in-possession statute qualifies as a crime of violence under (a)(4)(B) since it "involves exactly what section 3156(a)(4)(B) postulates – a substantial risk of violence."  *Dillard*, *supra* 104.  Riots, by definition, make for an even stronger case.

According to a brief reference by counsel at the last hearing, the defendant apparently intends to take the position that the definition of crime of violence under § 3156(a)(4)(B) is unconstitutional in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the Armed Career Criminal Act unconstitutionally vague.  The government is not aware of any

Government's Detention Memorandum

1   case where a court has extended *Johnson*'s holding to the Bail Reform Act, and counsel is effectively

2   asking this Court to unilaterally declare a provision of the Bail Reform Act unconstitutional.  The Court

3   should decline to do so.  In fact, both the Eleventh and Second Circuits have recently ruled that Section

4   924(c)(3)(B) – which has language substantially identical to § 3156(a)(4)(B) – was not unconstitutional

5   after *Johnson* and that those provisions embody a conduct-based approach.  *See United States v. Barrett*,

6   __ F.3d __, 2018 WL 4288566 (2d Cir. Sept. 10, 2018); *United States v. Ovalles*, No. 17-10172 (11th Cir.

7   October 4, 2018) (*en banc*).  A conduct-based approach to this case requires the Court to examine the

8   manner in which the defendant committed the instant offense.  The defendant's travel to Berkeley and

9   Charlottesville with intent to incite, participate, promote, encourage, and carry on a riot as well as commit

10   acts of violence in furtherance of a riot leave no question that his offense involves the substantial risk that

11   physical force was used.

12      Because the offense of riots involves a substantial risk of physical force under § 3156(a)(4)(B), it

13   qualifies as a crime of violence and, accordingly, the government may seek to detain him pursuant to §

14   3141(f)(2)(A).

15      **II.      Section 3142(f)(2) provides additional bases upon which the defendant should be
16              detained.**

17      To be clear, the government's position is that this Court need not reach § 3142(f)(2) because the

18   offense of riots so clearly qualifies as a crime of violence under § 3142(f)(1)(A).  But, § 3142(f)(2)

19   nevertheless provides additional bases upon which Defendant White should be detained after a hearing.

20   "[A] detention hearing may be held if either the United States or the court believes there is a serious risk

21   of flight." *United States v. Powers*, 318 F.Supp. 2d 399, 341 (W.D. Va. 2004).  Because of the defendant's

22   international contacts, to include his recent trips to Europe to meet with leaders of the Ulster Aryan

23   Alliance and the Scottish National Resistance, the government believes that he poses a serious risk of

24   flight in this case.  This risk is strengthened upon consideration of the weight of the evidence and the

25   defendant's potentially lengthy sentence if convicted.  Under these circumstances, that is clearly grounds

26   for a hearing under the provisions of § 3142(f)(2).

27      Just because the government moves for a detention hearing under Section 3142(f)(2), that does not

28   mean that the factors to be considered under § 3142(g) somehow change, or are otherwise cabined only

Government's Detention Memorandum

to evidence of potential risk of flight.  In fact, such inflexibility is precisely what the Bail Reform Act was intended to eliminate.[1]  "Once a judicial officer determines that a detention hearing is warranted, the concept of danger to the community resurfaces."  United States v. Butler, 165 F.R.D. 68, 71 (N.D. Ohio 1996).  The Court then analyzes the factors in § 3142(g), which includes "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  Id. at 71; 18 U.S.C. § 3142(g)(4).  In this case, at a hearing on the matter, all four § 3142(g) factors weigh in favor of pretrial detention, including (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  Accordingly, there are no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community."  18 U.S.C. § 3142(e).

---

[1] See S. Rep. No. 98-225, at 5 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3188 (report of the Senate Judiciary Committee on the Bail Reform Act of 1984, stating that under the old law "if a court believe[d] that a defendant poses . . . a danger [to community safety], it faces a dilemma--either it can release the defendant prior to trial despite these fears, or it can find a reason, such as risk of flight, to detain the defendant (usually by imposing high money bond). In the committee's view, it is intolerable that the law denies judges the tools to make honest and appropriate decisions regarding the release of such defendants."; "[pre-existing law] provided too little flexibility to judges in making appropriate release decisions regarding defendants who pose serious risks of . . . danger to the community." Id. The report suggested that the Act arose from a "broad base of support for giving judges the authority to weigh risks to community safety in pretrial release decisions." Id. at 6.

Government's Detention Memorandum

6

**III.     In the alternative, the government respectfully requests a 24-hour stay of any release order.**

Should this Court determine that detention is not appropriate or otherwise not required under the provisions of § 3142, the government respectfully requests a 24-hour stay of any release order.[2]

Respectfully submitted,

ALEX G. TSE
United States Attorney
Northern District of California

_____/s/_____
PHILIP J. KEARNEY
Assistant United States Attorney

[2] From conversations with counsel, counsel may argue that any stay from a release order is governed not by the United States District Judge in Western District of Virginia to whom the case is assigned, but to a District Judge in the Northern District of California.  Respectfully, that is not accurate.  Section 3145 of Title 18, United States Code, provides:

> (a)  Review of a release order.  If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court –(1) the attorney for the Government may file, <u>with the court having original jurisdiction over the offense</u>, a motion for revocation of the order or amendment of the conditions of release . . . .

18 U.S.C. § 3145(a)(1)(emphasis added).  The circuit courts that have reviewed this provision of the Bail Reform Act have concluded that the phrase "the court having original jurisdiction over the offense" refers solely to a court in the district where the charge(s) is pending against the defendant.  The courts have further held that only a district court judge in that district, and no one else, has the authority to review the release order.  *See United States v. Cisneros*, 328 F.3d 610, 615-16 (10th Cir. 2003) (the court having "original jurisdiction over the offense" is "the district . . . in which the prosecution is pending"; the government's "motion should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction");  *United States v. El-Edwy*, 272 F.3d 149, 152-54 (2d Cir. 2001) ("With respect to the decision whether to detain or conditionally release the defendant, however, section 3145(a) makes clear that the ultimate authority lies with the district that has the primary in the question – the district in which the prosecution is pending"); *United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996) ("The plain language of 3145 dictates that the district court with original jurisdiction over the offense, *i.e.*, the prosecuting district . . . is the only proper one to review the order in question"); *United States v. Evans*, 62 F.3d 1233, 1235-38 (9th Cir. 1995).

Implicit in this review authority granted in 18 U.S.C. § 3145(a) is the authority to maintain the status quo so as not to create the potential for flight or danger if a defendant is released pending review.  As one court has stated in holding that a district court judge has the authority to stay a magistrate judge's release order pending a government motion under § 3145(a), "Requiring release pending review by the district court could frustrate the very purpose of review . . . There is nothing . . . to suggest that Congress intended to deny the district court a reasonable opportunity to inform and exercise its discretion . . . " *United States v. Huckaby*, 707 F. Supp. 35, 37 (D. Maine 1989).  Indeed, that is why the statute requires review to occur "promptly."  *Id.*  Moreover, the magistrate judge in the district of arrest must defer to this Court's stay order.  *See e.g., United States v. Acheson*, 672 F.Supp. 577 (D.N.H. 1987).

Government's Detention Memorandum

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Government's Detention Memorandum

1

## __CERTIFICATE OF SERVICE__

2

     I hereby certify that on October 3, 2018, I electronically filed the foregoing Motion and Proposed

3

Order with the Clerk of the Court using the CM/ECF System, which will send notice, and constitute

4

service, of such filing to counsel of record.

5

6
                                       _/s/_____
                                       Christopher R. Kavanaugh
                                       Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Government's Detention Memorandum

9