DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306787
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Evan Cole White**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COLE EVAN WHITE,<br><br>Defendant. | Case No. 4:18-mj-71386-MAG<br><br>**MR. WHITE'S BRIEF ON 18 U.S.C. §3141 ET SEQ. AND DETENTION HEARINGS**<br><br>Date: October 10, 2018<br>Time: 9:30 a.m.<br>Ctrm.: 4 |

Cole White has been charged by way of complaint out of the Western District of Virginia with violations of 18 U.S.C. §§ 2101 and 371. Dkt. 1. On October 4, 2018, Mr. White appeared before this Court, which ordered him to provide briefing regarding §3141 et seq. and the availability of pretrial detention in his case. The present briefing details the ways in which the Bail Reform Act applies to Mr. White and his alleged violation of §2101, and explains why pretrial detention is not available here. Specifically, because §3142(e) dictates that detention can only follow a detention hearing, and because a §3142(f) detention hearing is not available in this case, detention is not permitted and Mr. White's release must be ordered.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also United*

*States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) ["Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant"]; *United States v. Rangel*, 318 F. Supp. 3d 1212, 1217 (E.D. Wash. 2018) ["the BRA establishes a framework for the pretrial status of defendants evidencing a strong preference for pretrial release"]. The "carefully limited exception" for the presumption of pretrial liberty set forth by statute does not apply here, and accordingly, Mr. White must be ordered release pending his trial.

## I.

## A DETENTION HEARING PURSUANT TO 18 U.S.C. §3143(f) IS ONLY PERMITTED IN THE CIRCUMSTANCES ENUMERATED BY STATUTE.

The provisions of the Bail Reform Act are explicit in their scope and application. And "courts have insisted upon strict adherence to the language of the Act." *United States v. Al-Azzawy*, 768 F.2d 1141, 1145 (9th Cir. 1985). Section 3141 of Title 18 provides that, pending trial, the magistrate judge "shall order that [the defendant] be released or detained, pending judicial proceedings, under this chapter." Section 3142(a) proceeds to provide an exhaustive list of release and detention options available to the magistrate judge:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
>
> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
>
> (2) released on a condition or combination of conditions under subsection (c) of this section;
>
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
>
> (4) detained under subsection (e) of this section.

*See also United States v. Fidler*, 419 F.3d 1026, 1027-28 (9th Cir. 2005) ["According to 18 U.S.C. § 3142(a), the district court has four options regarding whether to release or detain a defendant pending trial"]. "[T]he procedures under section 3142 of the Act must be strictly followed as a precondition to detention under subsection (e)." *Al-Azzawy, supra*, 768 F.2d at 1145.

The statute is clear: absent the circumstances described in §3142(a)(3) (which are not applicable here), a defendant may be detained pretrial only pursuant to §3142(a)(4) and, by extension, §3142(e). Subsection (e) is similarly clear: pretrial detention is available where, and only where, "after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See also United States v. Alatishe*, 768 F.2d 364, 367 (D.C. Cir. 1985) ["Pretrial detention under 3142(e) may be ordered *only* after a hearing pursuant to subsection (f)" (emphasis added)].

There is no ambiguity in the procedure set forth in the Bail Reform Act. While release may be freely ordered, pretrial detention is available only following a detention hearing and the making of the requisite finding:

> Section 3142(c), which governs the procedures for issuing a release order, does not direct that a full hearing following the guidelines set out in § 3142(f) be held either before or after the release order is issued. By way of contrast, § 3142(e), which governs the procedures for issuing detention order, explicitly requires a detention hearing to be held "pursuant to the provisions of [§ 3142(f)]."

*Fidler, supra*, 419 F.3d at 1028; *see also United States v. Robinson*, 710 F. Supp. 2d 1065, 1085 (D. N. Mar. I. 2010) ["before [defendant] could be detained, a detention hearing was *required*" (emphasis original)]. Thus, where a detention hearing under §3142(f) is not permitted (or where the finding described by §3142(e) is not made), pretrial detention *cannot be ordered*. In such a situation, the court is left only with the release options specified in §§ 3142(a)(1) and (2).

As Mr. White argues below, that is precisely the case here. The detention hearing described in §3142(f) may only be ordered pursuant to the existence of specifically delineated circumstances that are not present in this matter. Consequently, a pretrial detention hearing under §3142(f) cannot be held. Because such a hearing is the *only* means by which a defendant's pretrial detention may be ordered, Mr. White may not be ordered detained pending trial. This Court may order Mr. White's release "on personal recognizance or upon execution of an unsecured appearance bond" pursuant to §3142(a)(1) or "on a condition or combination of conditions" pursuant to §3142(a)(2). But detention can only follow a §3142(f) detention hearing, and such a hearing is not available here.

## II.

### A CHARGE UNDER 18 U.S.C. §2101 DOES NOT PERMIT A §3142(f) DETENTION HEARING.

Before this Court may order Mr. White's pretrial detention, it must first hold a detention hearing pursuant to §3142(f). However, such a hearing is not permitted in this case. The detention hearing described in §3142(f), which is a prerequisite to any order of pretrial detention, is not available in all circumstances. Rather, such a hearing can only be held:

(1) upon motion of the attorney for the Government, in a case that involves—

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this

paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—

(A) a serious risk that such person will flee; or

(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. §3142(f). As one district court has explained, "Section 3142(f) sets forth specific situations under which a judicial officer may hold a detention hearing. . . . § 3142(f) does not authorize a detention hearing in the absence of one of the six situations set forth." *United States v. Butler*, 165 F.R.D. 68, 71 (N.D. Ohio 1996); *see also United States v. Hurtado*, 779 F.2d 1467, 1474 (11th Cir. 1985) ["The language of subsection (f) is unambiguous and admits of no exception"]. None of the circumstances enumerated in §3142(f) are in effect here. As a result, this Court cannot hold a detention hearing and cannot order Mr. White's detention.[1]

A. <u>Mr. White Has Not Been Charged with a Crime of Violence Under §3142(f)(1)(A).</u>

One circumstance in which a §3142(f) detention hearing may be held is in a case in which the defendant has been charged with "a crime of violence". §3156(a)(4) defines a "crime of violence":

---

[1] Even if this Court were to conclude, contrary to Mr. White's contention, that a detention hearing is available in this case, pretrial detention would still require a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." §3142(e). No such finding may reasonably be made here.

the term "crime of violence" means--

> (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 77, 109A, 110, or 117 [18 USCS §§ 1581 et seq., 2241 et seq., 2251 et seq., or 2421 et seq.]

To determine whether a defendant has been charged with a crime of violence as defined in §3156(a)(4)(B)'s "substantial risk" provision, courts employ a categorical approach, looking only to the nature of the generic offense(s) charged.[2]

---

[2]
> Section 3156(a)(4)(B) is a bit more ambiguous than its neighbors, encompassing offenses that do not include violence as an element, but by their 'nature' entail a substantial risk of violence. The word 'nature' has no plain meaning standing on its own, and might therefore be amenable to conflicting interpretations. However, the word in context, see generally <u>Deal v. United States</u>, 508 U.S. 129, 132, 124 L. Ed. 2d 44, 113 S. Ct. 1993 (1993), must be read with the preceding 'its,' which refers back to 'offense,' which in the preceding sentence refers to the statutory provision creating a crime rather than the factual incident constituting the crime. Unless the meaning of 'offense' metamorphoses from one sentence to the next, which is implausible, the use of the word 'nature' refers to a legal charge rather than its factual predicate.
>
> This conclusion is consistent with the language of § 3142(g)(1), which permits a judicial officer during a detention hearing to consider the 'nature and circumstances of the offense charged' for the purpose of determining whether there are conditions of release that will reasonably assure the return of the person and the safety of others. The distinction between 'nature' and 'circumstances' clarifies that the former refers to the generic offense while the latter encompasses the manner in which the defendant committed it. Case-specific facts are thus relevant at a detention hearing, see s 3142(g), but not when considering the government's motion under § 3142(f)(1)(A) to hold such a hearing.
>
> The alternative, case-by-case, approach would collapse the distinction between the holding that triggers a detention hearing and the factors relevant at the hearing, which are enumerated in § 3142(g).

*United States v. Singleton*, 182 F.3d 7, 11-12 (D.C. Cir. 1999). Thus, any allegations made in S.A. Cappuzzo's probable cause affidavit, for example, do not inform the crime of violence inquiry.

Mr. White's Brief on 18 U.S.C. §3141 et seq. and Detention Hearings
*U.S. v. White;*
Case No. 4:18-mj-71386-MAG

6

Here, however, Mr. White has been charged only with traveling interstate to participate in a riot in violation of §2101 (and conspiracy to do the same). Section 2101(a) sets forth several acts that fall within its ambit, including inciting, organizing, promoting, encouraging, participating in, or carrying on a riot. Section 2102(a) defines a "riot":

> As used in this chapter, the term "riot" means a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual.

Notably, the language of §§ 2101 and 2102 permits a conviction where the defendant does not commit any act of violence but, rather, travels interstate to merely "promote" or "encourage" a "public disturbance" that involves "a threat . . . of the commission of an act or acts of violence." That is, the use of force is not an element of the offense, as required for §3156(a)(4)(A) to apply. *See United States v. Allen*, 409 F. Supp. 2d 622, 625-26 (D. Md. 2006) [§3156(a)(4)(A) "requires a direct nexus between the use of force and the charged offense"]. Nor is a violation of §2101 one of the felonies enumerated in §3156(a)(4)(C).

What remains is §3156(a)(4)(B) and its characterization as a crime of violence any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." But the "nature" of §2101 does not involve any such substantial risk. Rather, §2101 is satisfied where the "public disturbance" which the defendant promoted or encouraged (or in which he simply "participate[d]") involved the mere *threat* of violence. In the context of the Armed Career Criminal Act, the Ninth Circuit has held that Washington's state riot law does not constitute a

crime of violence because "a defendant could be convicted of riot if he acted to verbally encourage others who were using non-physical force." *United States v. Werle*, 815 F.3d 614, 622 (9th Cir. 2016). Such is also the case here, where a generic violation of the federal riot statute is alleged.

Mr. White could be convicted of a violation of §2101 despite not having committed nor aided an act of violence, but merely because he encouraged or participated in a public disturbance at which other participants threatened violence. What follows is that §2101 does not describe an offense which, "by its nature, involves a substantial risk" of physical force. Therefore, the crimes with which Mr. White has been charged do not satisfy §3156(a)(4)'s definition of a "crime of violence," and by statutory extension, also do not qualify as a "crime of violence" under §3142(f)(1)(A). A detention hearing is not authorized.

**B.  If This Court Holds a Detention Hearing Pursuant to §3142(f)(1)(A)'s "Crime of Violence" Provision and the Definition of a "Crime of Violence" Provided by §3156(a)(4)(B), It Will Be Rendering the Statutes Unconstitutionally Vague.**

If this Court reads §3156(a)(4)(B)'s "substantial risk" provision as applying to Mr. White's circumstances (thereby permitting a detention hearing under §3142(f)(1)(A)), it will be interpreting the statutes in a manner which the Supreme Court has recently and expressly forbidden.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, which applied to offenses "involv[ing] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. This was so because the provision left both "grave uncertainty about how to estimate the risk posed by a crime" and "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id*. at 2557-2558. In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court applied the same holding to the Immigration and Nationality Act's

own "residual clause," which applied to "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Court reasoned that, just like the ACCA's residual clause, the INA's residual clause "had both an ordinary-case requirement and an ill-defined risk threshold," and thus "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id*. at 1223.

The residual clause of §3156(a)(4)(B), whose language is identical to that of the INA statute deemed unconstitutional in *Dimaya*, suffers from the very same infirmities as those provisions which have been recently invalidated by the Supreme Court. The "bare statutory elements" of §2101 do not require an act of physical force, and thus applying §3156(a)(4)(B) to §2101 requires the court to "imagine an idealized ordinary case of the crime." *Id*. at 1214. But such an inquiry is inherently speculative and its results necessarily unpredictable; that is precisely why the Supreme Court has twice found such statutory schemes impermissible. For this Court to now hold that §2101 carries with it a presumed, "substantial" risk of physical force under §3156(a)(4)(B), it would have to rely not on the mere elements of the offense, but on a picture of the "ordinary" commission of the offense and the likelihood of physical force that follows. It would be reviving a means of statutory interpretation which the Supreme Court has already vanquished.

It may well be that §3156(a)(4)(B) cannot survive in *any* capacity following *Johnson*; that discrete legal question is unresolved in this and other Circuits. What is abundantly clear, however, is that §3156(a)(4)(B) cannot be read in a manner that renders it identical to the residual clauses deemed unconstitutional in *Johnson* and *Dimaya*. And §3142(f)(1)(A), which relies on §3156(a)(4)(B)'s definition of a "crime of violence," cannot be extended to the §2101 allegation
Mr. White's Brief on 18 U.S.C. §3141 et seq. and Detention Hearings
*U.S. v. White;*
Case No. 4:18-mj-71386-MAG

made against Mr. White in this case, not when doing so requires the use of an unconstitutional form of judicial reasoning.

C. **Mr. White Has Not Been Charged with an Offense Described by Any of the Other Provisions of §3142(f)(1).**

A detention hearing is also available in cases involving the other types of offenses described in §3142(f)(1)(A) – (E). These include "a violation of section 1591" (§3141(f)(1)(A)); "an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed" (§3141(f)(1)(A)); "an offense for which the maximum sentence is life imprisonment or death" (§3141(f)(1)(B)); certain serious controlled substances offenses (§3141(f)(1)(C)); an offense following certain prior convictions (§3141(f)(1)(D)); and offenses involving minor victims, firearms or destructive devices, dangerous weapons, or a failure to register (§3141(f)(1)(E)). Mr. White is charged only with violations of §§ 2101 and 371, offenses which carry a maximum term of imprisonment of five years and which plainly do not fall under the purview of any of the provisions of §3141(f)(1).

D. **This Case Does Not Involve a Risk of Flight or Obstruction.**

The government has made no allegation here that Mr. White poses any risk of flight under §3142(f)(2)(A), nor a "serious risk" of obstruction under §3142(f)(2)(B). Indeed, it is clear that Mr. White poses no such risks. Section 3142(f)(2)(A)'s risk of flight provision merely codifies the long-standing "authority [of courts] to deny pretrial release to defendants *in exceptional circumstances* where financial conditions of release could not overcome the significant risks of a defendant's flight." *United States v. Martir*, 782 F.2d 1141, 1143 (2d Cir. 1986). There are no circumstances at work here supporting the notion that Mr. White poses any risk of flight, let alone "exceptional circumstances" compelling such a finding. Mr. White is a young man who lives with his family, one member of which has offered to act as third-party custodian. These are

precisely the circumstances in which a finding of risk of flight is inappropriate, as one district court has likewise found. *See United States v. Say*, 233 F. Supp. 2d 221, 226 (D. Mass. 2002). And the government's inability to allege any evidence whatsoever of an attempt or plan of Mr. White to obstruct justice or tamper with witnesses is dispositive of §3142(f)(2)(B)'s inapplicability.

None of the seven grounds which may give rise to a detention hearing are satisfied in this case. Because Mr. White's matter does not fall under the ambit of §3142(f), a detention hearing cannot be held, and without a lawful detention hearing, pretrial detention cannot be ordered. Mr. White must be released pursuant to either §§ 3142(a)(1) or (2).

### III.

### THE GUIDELINES RANGE APPLICABLE TO MR. WHITE'S ALLEGED CONDUCT CAN BE NO HIGHER THAN LEVEL 13.

Upon conviction, if any, Mr. White will not be facing a lengthy prison sentence. The Federal Sentencing Guidelines provide no sentencing range applicable to violations of 18 U.S.C. §2101. In the absence of either an expressly promulgated or sufficiently analogous guideline, "the provisions of 18 U.S.C. § 3553 shall control." §2X5.1. Given the infrequency of prosecutions under the Anti-Riot Act, Mr. White has been able to identify no cases in which a district court has deduced an appropriate guidelines range for the conduct alleged to have been committed here.

Nevertheless, the Court here will not be without any guidance if it proceeds to sentence Mr. White for the alleged offense. In a 1987 draft of the Federal Sentencing Guidelines Manual, the Commission included a provision applicable to violations of §2101.[3] There, it described the

---

[3] This draft manual is available from the National Criminal Justice Reference Service and is accessible at: https://www.ncjrs.gov/pdffiles1/Digitization/104618NCJRS.pdf .

"base offense level [as] 7 to 13, depending upon the number of persons involved, the danger presented to public safety, and the extent of resulting community disruption." *See* Exhibit A – Draft §K241.

Although this draft guideline, never formally adopted, is certainly not controlling, it speaks to the manner in which the Sentencing Commission intended the instant offense to be treated. The maximum offense level, applicable only to the most extreme "cases of serious disruption," carries a Zone C prison term of only 12-18 months. At the low end of the guideline, Mr. White would be facing a non-custodial sentence. Thus, this is not the sort of incredibly serious case that gives rise to concerns not implicated here.

## IV.

## <u>CONCLUSION</u>

Because none of the circumstances described in §3142(f) apply in this case, a detention hearing is unavailable. Because a detention hearing and resultant finding are required before detention can be imposed pursuant to §3142(e), Mr. White cannot be detained. This Court is left only with the release options specified in §§ 3142(a)(1) and (2); it may order Mr. White's release pursuant to §3142(a)(1) or, upon a showing of necessity by the government, it may order Mr. White's release pursuant to §3142(a)(2) and conditioned on the "least restrictive" conditions available in §3142(c).

///

Release is required, and Mr. White respectfully requests this Court issue a release order accordingly.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: October 9, 2018     By: /s/David J. Cohen
                                       DAVID J. COHEN, ESQ.

                                    Attorneys for Defendant **Cole Evan White**