DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306787
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Evan Cole White**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COLE EVAN WHITE,<br><br>Defendant. | Case No. 4:18-mj-71386-MAG<br><br>**MR. WHITE'S REPLY TO GOVERNMENT'S MEMORANDUM OF LAW REGARDING DETENTION**<br><br>Date: October 10, 2018<br>Time: 9:30 a.m.<br>Ctrm.: 4 |

On October 9, 2018, the government submitted to this Court its briefing regarding the availability of detention for Mr. White. Therein, it argues that a violation of 18 U.S.C. §2101 qualifies as a "crime of violence" under §3142(f)(1) and that §3142(f)(2)(A)'s "risk of flight" provision applies to Mr. White because he has traveled in the past. Both contentions are unavailing, neither provides the legal basis for a detention hearing, and all of the §3142 arguments are addressed in Mr. White's own briefing.[1] *See* Dkt. 7.

---

[1] Notably, the government's brief cites no authority for the position that §2101 constitutes a crime of violence under §3156(a)(4)(A), and it recognizes that the constitutionality of §3156(a)(4)(B)'s residual clause has not been determined in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

Mr. White's Reply to Government's Memorandum of Law Regarding Detention
*U.S. v. White;*
Case No. 4:18-mj-71386-MAG

1

However, sensing the futility of its position and in a blatant attempt to circumvent the expediency guaranteed by the Bail Reform Act, the government makes one additional request in its brief: a stay of any release order issued by this Court. This Court may not, and should not, issue any such stay.

I.

**IF THE MAGISTRATE ISSUES A RELEASE ORDER, THAT ORDER CANNOT BE STAYED PENDING THE GOVERNMENT'S ANTICIPATED §3145 MOTION TO REVOKE OR AMEND THE ORDER.**

The Bail Reform Act has been specifically structured to ensure that a defendant is not detained pretrial for a period of time longer than absolutely necessary. Yet the government, apparently anticipating a release order from the Magistrate judge, seeks to unlawfully extend the duration of that detention by seeking out-of-district review of the Magistrate's order and a stay of that order while such review is pending. The result of such a scheme will be the continued detention of Mr. White in direct contravention of the Bail Reform Act's aim, not because any court will have made any finding of Mr. White's dangerousness or risk of flight, but simply because the wheels of justice turn slowly. That may well be precisely the government's goal, but it is not one that this Court should aid the government in accomplishing. The existence of §3145(a)(1)'s motion to revoke or amend a release order does not create authority of the magistrate, nor of the district court, to stay the release order while such a motion is pending, and the government's brief unsurprisingly cites to no case law suggesting such authority exists.

The provisions of both the Bail Reform Act and Fed. R. Crim. P. 46(a) (which refers back to the Act's terms) make clear that pretrial release of a defendant must be ordered absent a detention hearing and the resultant finding of futility of release conditions described in §3142(e). *See* 18 U.S.C. §3142(b) ["The judicial officer *shall order the pretrial release* of the person . . . unless the judicial officer determines that such release will not reasonably assure the appearance

of the person as required or will endanger the safety of any other person or the community."]. The statutes also make clear that such release must happen expeditiously and cannot be unduly delayed by the government's machinations. The government may, for example, request a continuance of a detention hearing for a period of up to only three days absent a particular showing of good cause. 18 U.S.C. §3142(f). These time limits protect a "vital liberty interest," and for that reason, a "prompt hearing is necessary, and the time limitations of the Act must be followed with care and precision." *United States v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990).

But the government here plans to evade those time limits and the "care and precision" with which they are meant to be treated. Instead, it has requested a stay of any release order this Court issues. Such a stay is not anticipated in the Bail Reform Act, nor is it permitted by law. Although §3145(a)(1) provides a vehicle by which the government may move "for revocation of the [release] order or amendment of the conditions of release," it makes no mention of the availability of a stay of the release order pending the resolution of this motion. That is because the authority to issue such a stay would directly contradict the Bail Reform Act's structure.

*United States v. Hudspeth*, 143 F. Supp. 2d 32 (D.D.C. 2001) explains why a defendant's pretrial release should not be stayed pending a §3145 motion to revoke or amend the release order. There, the magistrate issued a release order and the government orally sought review of the order in the district court. In the meantime, the magistrate stayed her release order, just as the government anticipates requesting the Magistrate do here. But the district court in *Hudspeth* took issue with the government's failure to properly move by written motion for review of the release order, and explained that the fact that a defendant will be released while the government complies with the law is no reason to excuse noncompliance:

> The court appreciates that the requirement for a motion to be filed when the Government seeks review of a Magistrate Judge's release order *may mean that an*

Mr. White's Reply to Government's Memorandum of Law Regarding Detention
*U.S. v. White;*
Case No. 4:18-mj-71386-MAG

3

> *accused will be released pending a resolution of the Government's request for review*. Such an outcome does not warrant disregarding the plain requirements of the governing law, however. In this regard, it is useful to consider that it has never been questioned that in order for a defendant to have a District Judge review a Magistrate Judge's pretrial detention order he must file a written motion. *Nor has there been any question of the appropriateness of the accused remaining detained until there is a resolution of the defendant's motion.* This court is unaware of any legal principle or logic that accords the Government's position regarding whether a defendant should be released pending trial a standing superior to that of the defendant such that the Government's position, as a matter of course, is effectively adopted -- albeit temporarily -- even after a judicial officer has ruled otherwise. The illogic of this proposition is further underscored when one considers that it is the Government that carries the burden of showing that an accused should be detained pending trial.

*Id*. at 35 (emphasis added).

Section 3145 makes no reference to the availability of a stay of the magistrate's release order because Congress did not believe such a stay would be appropriate. In other contexts, the legislature has not hesitated to explicitly provide for stays of orders. For example, Fed. R. App. P. 23 specifically addresses stays in the context of a defendant's release in habeas cases. Fed. R. App. P. 8 describes the procedures applicable to motions for a stay pending an appeal. Fed. R. Civ. P. 62 allows for stays of specified civil orders. But §3145 makes no mention of a stay. Nor does any provision of the Bail Reform Act or any subsection of Fed. R. Crim. P. 46. That is because a stay should not issue while the government seeks review of the magistrate's release order.

The language the legislature *did* elect to include in §3145 indicates that a stay of a release order is unavailable. Section 3145 allows the government to seek "revocation of the order or amendment of the conditions of release." This language contemplates that a release has already been effectuated, as it allows only for revocation of the release or amendment of its conditions. That which has not yet occurred cannot be "revoked." Section 3145, unlike §3142, carries no explicit timing requirements because, unlike during §3142 proceedings, a defendant should not

be in custody during the pendency of a §3145 motion. And Fed. R. Crim. P. 46(a) specifically dictates that §3142 "govern[s] pretrial release;" it makes no reference to §3145.

The government cannot be permitted to circumvent the Bail Reform Act by detaining Mr. White while it seeks review of a release order. Mr. White has identified no binding Ninth Circuit authority supporting the government's position that it may do through §3145 what it was unable to do through the bail procedures laid out in §3142. If this Court issues a release order, neither it nor the district court may thereafter issue any stay of that order.[2]

## II.

## THE MAGISTRATE HAS NO INHERENT POWER TO ISSUE A STAY OF HER RELEASE ORDER.

The magistrate's powers, delineated in 28 U.S.C. §636, do not extend to the issuance of a stay of a release order (nor, as explained above, does *any* court have the authority to issue such a stay). Section 636 empowers magistrates with the duties conferred upon them "by law or by the Rules of Criminal Procedure for the United States District Courts." It, like Fed. R. Crim. P. 59 and 72, permits the district courts to designate to the magistrate nondispositive matters for determination. Local Rule 5-1 designates to magistrates only the "initial appearance after arrest" of a criminal defendant and criminal proceedings "arising before the case has been assigned to a District Judge."[3] L.R. 7-1(a) dictates that cases in this District be assigned to a District Judge

---

[2] Of course, as a general matter, a stay also cannot be issued unless four factors are satisfied: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (standard for staying habeas petitioner's release); *see also United States v. Collette*, 892 F. Supp. 232, 233 (D. Alaska 1995) (applying considerations to stay pending appeal). Without an order to analyze, assessment of the propriety of a stay under these factors is largely premature. However, even if a stay pending a §3145 motion was available, these factors, including the irreparable injury the stay would cause Mr. White, would undoubtedly counsel against the issuance of a stay in this case.

[3] L.R. 7-1(b) also permits a magistrate judge to conduct several enumerated proceedings, such as arraignments and extraditions, even after assignment to a district judge. L.R. 7-1(b)(6) permits the

"[a]fter a complaint, indictment, or information has been filed." The intent of this procedural scheme is evident: magistrates in this District are authorized to conduct initial appearances and matters that happen at the very outset of a case, before the issues can be raised in the district court (as well as those matters which the district court specifically designates to the magistrate thereafter). But the government's suggestion that a magistrate can stay a lawful release order pursuant to the prosecution's pursuit of a §3145 motion in the district court is a bridge too far. Once the government is in the posture of seeking review from the district court, it is the district court that is responsible for further determinations of the legality of the earlier release order.[4] The magistrate who issued that order is not authorized to amend, revoke, or stay it of their own accord.

Although it is true that courts have some general authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," this authority has no application to the stay requested by the government here. Indeed, the government seeks a stay from the Magistrate not in the interests of "time and effort," but simply to extend the pretrial detention of a criminal defendant the government believes should not be released. A court's inherent power to control the causes on its docket "does not include the power to develop rules that circumvent or conflict with" statute. *Carlisle v. United States*, 517 U.S. 416, 426 (1996). Yet that is the type of power which the government asks this Court to wield, a power to continue Mr. White's detention past the point that §3142 mandates for his release. In effect,

---

magistrate to "hear and determine motions or matters regarding release or detention." This generic grant of authority does not speak to the magistrate's ability to do what the government intends to request this Magistrate do, that is, to stay a lawful release order.

[4] Although the Western District Court of Virginia would, arguably, have the authority to review a release order here pursuant to §3145, §3145 conveys upon the district court no authority to *stay* the order while its review is pending. And indeed, an out-of-district court does not have jurisdiction over this Court as a general matter.

Mr. White's Reply to Government's Memorandum of Law Regarding Detention
*U.S. v. White;*
Case No. 4:18-mj-71386-MAG

6

the government requests this Court circumvent the Bail Reform Act. This Court has no authority to do so.

**III.**

**IF THIS COURT ISSUES A STAY OF ITS RELEASE ORDER, MR. WHITE WILL SEEK REVIEW OF THE STAY FROM THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

In the event this Court orders Mr. White's release and then proceeds to erroneously stay that release order, Mr. White intends to seek review of that stay from the district court for the Northern District of California. Although the government correctly notes that there is some authority for the contention that review of the magistrate's release order pursuant to §3145 must be conducted by the Virginia District Court[5], there is no like authority suggesting that the magistrate's order *staying* her release order must also be reviewed by an out-of-district court. To the contrary, this Court does not lose jurisdiction by operation of the government's §3145 motion. Section 3145 itself is silent as to the matter of jurisdiction. It styles the review of the magistrate's release order as "a motion for revocation of the order or amendment of the conditions of release," rather than as an appeal, specifically avoiding the jurisdictional connotations that follow the use of the word "appeal." Section 3145 was carefully crafted to ensure it did not suggest that the filing of a motion pursuant thereto has any effect on any court's jurisdiction over proceedings.

And as a general matter, this Court's jurisdiction extends only as far as the district court's under which it sits, and proceedings before the magistrate are "under the district court's total

---

[5] Notably, however, the Ninth Circuit case cited by the government for this claim was the result of a split decision, and its continued precedential value is, accordingly, tenuous. *See United States v. Evans*, 62 F.3d 1233, 1240 (9th Cir. 1995) ["To hold, as the majority here holds, that a district court thousands of miles away is the court to exercise 'total control' over the magistrate judge seems stranger than any of the alternatives the majority contemplates as flowing from my construction of the statute. Such a sundering of the relationship of the district court and its magistrate judge is, if not unnatural, unusual; its inevitable effect would be to increase the independence of the magistrate judge at the expense of harmony with the district court to which the magistrate judge belongs."] (Noonan, J., dissenting).

control and jurisdiction." *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991) ["the magistrate acts subsidiary to and only in aid of the district court"], quoting *United States v. Raddatz*, 447 U.S. 667, 681 (1980). Thus, an out-of-district court has no authority to stay an order of this Court, just as an out-of-district court is not bound by this Court's holdings.

As he explained in his briefing to this Court, Mr. White must be released. As he explains herein, a stay of that release order cannot issue. In the event one erroneously does, Mr. White will seek review of that stay order from the district court for the Northern District of California.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: October 9, 2018      By: /s/David J. Cohen
　　　　　　　　　　　　　　　　DAVID J. COHEN, ESQ.

Attorneys for Defendant **Cole Evan White**